# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIOT S. SASH, | : | CIVIL ACTION NO. **1:CV-07-0139** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| JONATHAN MINER, Warden, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

On January 25, 2007, Petitioner Eliot S. Sash, an inmate at the Federal Low Security Correctional Institution at Allenwood, White Deer, Pennsylvania ("LSCI-Allenwood"), filed, *pro se*, this Habeas Corpus Petition pursuant to 28 U.S.C. § 2241. (Doc. 1).[1] Included with the 6-page Petition is an Exhibit A, which is Petitioner's BOP Sentence Monitoring Computation Data Sheet that reflects his total earned and projected GCT as 94 days. Petitioner also filed an application to proceed *in forma pauperis*. (Doc. 2).[2] Respondent Warden Miner of LSCI-Allenwood[3] has not yet

---

[1] Since Petitioner's Petition, which seeks Respondent to re-calculate his good time credits ("GCT"), clearly affects the duration of his custody, it is properly filed as a Writ of Habeas Corpus under §2241. *See Leamer v. Fauver*, 288 F. 3d 532 (3d Cir. 2002); *Armstrong v. U.S.*, 2005 WL 1216633, M.D. Pa.

[2] In his *in forma pauperis* application, Petitioner indicates that he has $225.00 in a combined checking and saving account. (Doc. 2, p. 2, ¶ 4.). Notwithstanding the funds available to Petitioner, we shall recommend that his *in forma pauperis* application be granted solely for purpose of filing this habeas petition.

[3] Since the proper Respondent is the Warden at LSCI-Allenwood, the Petitioner correctly names Jonathan Miner in his caption as the Respondent herein. (Doc. 1, p. 1). *See* 28 U.S.C. §2242 and §2243.

been served and has not filed a Response to the Petition. We give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Petitioner concedes that he has not completed the BOP's Administrative remedies and that he has not yet exhausted his administrative remedy regarding his present claim with the Bureau of Prisons ("BOP"), namely that it is required to re-calculate his GCT to reflect that he is entitled to receive 54 days per year of his 24-month sentence for satisfactory behavior. (Doc. 1, p. 1). Petitioner claims that exhaustion is futile since the BOP's responses to the issue he is raising in this case show that it is not predisposed to change its position. (*Id.*, p. 5). Petitioner also seems to indicate that he will be caused harm if relief is delayed a minimum of six months that it will take him to exhaust his Administrative remedies. His Exhibit A indicates that he has a projected statutory release date of December 2, 2007. Petitioner seems to claim that if relief is not granted him, he will be forced to serve a longer term of imprisonment, by 14 days, than he is legally required to serve. Thus, Petitioner claims the requirement that he exhaust his administrative remedies with the BOP should be excused based on futility. (Doc. 1, p. 5). We find that the Petitioner should be required to exhaust his administrative remedies, and we shall also recommend that his Petition be dismissed under Rule 4.

**I. Background.**

On March 6, 1996, the Petitioner was arrested for a violation of his supervised release. On September 14, 2006, Petitioner was sentenced by the United States District Court for the Southern District of New York to 24 months imprisonment on the parole violation charge. (Doc. 1, p. 2 & Ex. A). Petitioner states that he will receive only 94 total days of good conduct time credit awarded towards his 24-month sentence, instead of the 108 total days he is entitled to under 18 U.S.C. § 3624(b). (*Id.*, pp. 2-3). Petitioner states that if his relief request is granted, he will be entitled to earn 108 days total of good conduct time ("GCT"), *i.e.* 2 year sentence (24 months) x 54 days per year equals 108 days. Petitioner indicates that the BOP is awarding him with only 94 total days of GCT, which is 47 days of GCT per year. (*Id.*). Petitioner believes the BOP has "shorted" him 14 days. According to Petitioner's Exhibit A, Doc. 1 (BOP Sentence Monitoring Computation Data Sheet), he has earned, as of December 27, 2006, no days GCT, and his total projected GCT days is 94 days.

Petitioner contends that the BOP is not awarding him 54 days of GCT a year for every year of the sentence imposed upon him as required by 18 U.S.C. § 3624(b). (Doc. 1, pp. 2-4). Petitioner claims that the BOP's interpretation of § 3624(b) is unreasonable and that this statute is ambiguous. Petitioner states that the BOP should be required to multiply the 54 days per year of GCT to which he is entitled by the term of his imprisonment of 24 months (2 years) and thus, according to him, his total GCT award should be 108 days, and not the 94 total award of GCT days which he indicates that the BOP projects it will award him. (*Id.*). Thus, Petitioner essentially maintains that his GCT award should be calculated based on the prison term he was sentenced to

and not on the amount of time that he actually serves. (Doc. 1, pp. 2-4). The Petitioner claims that federal law requires that he receive 54 days GCT for each year that he serves in prison. (Doc. 1, p. 3). The Petitioner seeks the Court to require the BOP to modify its calculation of his GCT to 54 days per year for each year of prison time he has to serve, *i.e.* 54 days x 2 years sentence = 108 days GCT. (Doc. 1, p. 4). Petitioner requests this Court to add 14 days credit to his total projected GCT, which he claims the BOP has "shorted" him. Petitioner basically claims that the BOP has not given him the full credit for the GCT days that he will have earned, in contradiction of federal law, and that the BOP has improperly interpreted § 3624(b) and improperly calculated his GCT by failing to base it on the length of his sentence, and as a result, he is being made to serve more time than the law mandates. Thus, Petitioner seemingly argues that the BOP is making him serve more time than the legislature has required and that this amounts to an unlawful detainment for which he seeks habeas relief from this Court. Petitioner essentially asserts that his release date should be adjusted by giving him a 14-day credit based on an award of 54 days of GCT for each year of his 24-month sentence, and that the BOP's projected release date for him be modified. Plaintiff claims that under the BOP formula, he receives only 47 days of GCT per year rather than the Congressionally mandated 54 days per year.

   As stated, Petitioner indicates that he has not exhausted his available administrative remedies with the BOP prior to the filing of his Petition. (Doc. 1, p. 5). Petitioner claims that he is excused from completing the required tiers of exhaustion by filing a grievance with the BOP, since it would be futile to claim that the BOP is miscalculating his GCT and that he should be given 54 days GCT per year for each year he has served on his federal sentence as directed by federal law in light of

the fact that the BOP has litigated multiple suits on this issue, and since the BOP will not afford him any relief. Petitioner also indicates that the BOP Administrative remedies process will take him six months to complete and this time will be a waste of Respondent's limited resources. (Doc. 1, p. 5). Thus, Petitioner has not exhausted his administrative remedies available regarding his present claim that his GCT time is being improperly calculated by the BOP. (*Id*.).[4] As in the *Armstrong* case, we do not find that it would be futile for Petitioner to complete the exhaustion of his BOP administrative remedies.

As stated, since the Petitioner admits that he has not yet exhausted all of his available administrative remedies at this time with the BOP raising his stated GCT claim which is the subject of his Habeas Petition, this Petition should be dismissed.

We also find that Petitioner's Petition should be dismissed under Rule 4 because the Third Circuit and this Court have repeatedly held that BOP's interpretation of § 3624(b), *i.e.* inmate's GCT was based on time he actually served and not on his sentence that was imposed, was reasonable. *See O'Donald v. Johns*, 402 F. 3d 172 (3d Cir. 2005); *Ogrod v. BOP*, 128 Fed. Appx. 864 (3d cir. 2005); *Dontas v. Holt*, 132 Fed. Appx. 980 (3d Cir. 2005); *Greene v. Miner*, 128 Fed. Appx. 934 (3d Cir. 2005); *Ruiz v. Callahan*, 129 Fed. Appx. 707 (3d Cir. 2005); *Gallo v. Holt*, 128 Fed. Appx. 904 (3d Cir. 2005); *Chance v. Holt*, Civil No. 04-2120, M.D. Pa. (4-26-05 Order); *Volpe v. Smith*, 04-2789, M.D. Pa. (April 11, 2005, Order); *Armstrong, supra* (5-26-05 Order);

---

[4] Under the BOP regulations, the Petitioner is required to file a Request for Administrative Remedy, then an appeal of the Warden's Response to his Request for Administrative Remedy with the BOP Northeast Regional Office and then to the Office of General Counsel. *See* 28 C.F.R. § 542.15.

*Christian v. Holt*, 2005 WL 2990699 (M.D. Pa.); *Perez v. Lindsay*, 2006 WL 2882966 (M.D. Pa.). Most recently, this Court in *Lopez v. Holt*, Civil No. 06-2303, M.D. Pa. (1-9-07 Order, Doc. 5), dismissed an identical habeas petition to Petitioner Sash's petition, under Rule 4.

Thus, we shall recommend that Petitioner's claim that the BOP is incorrectly computing his GCT be dismissed under Rule 4.

## II. Discussion.

### A. Exhaustion of Administrative Remedies Regarding Review of BOP's GCT Credit Award.

The Petitioner claims that the BOP incorrectly calculated his GCT credits, in violation of federal law. Specifically, Petitioner contends that the BOP should be giving him 54 days per year GCT, for a total award of 54 days multiplied by his 2- year sentence.

As stated, Petitioner admittedly failed to fully exhaust his Administrative Remedies with the BOP and he asserts that it would be futile to do so since the BOP has litigated many of these cases and will not change its interpretation that federal inmates are not entitled to be given 54 GCT days credit per year. Before a prisoner can bring a habeas petition under 28 U.S.C. § 2241, administrative remedies must be exhausted. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996). If a prisoner does not exhaust available remedies, the petition should be dismissed. *Arias v. United States Parole Commission*, 648 F.2d 196, 199 (3d Cir. 1981); *Mayberry v. Pettiford*, 2003 WL 21635306 (5th Cir.).[5] The Petitioner concedes that he has not exhausted his remedies

---

[5]In *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689 (E.D. Ky. 2004), the Court stated as follows:
> Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *Little v.*

6

and we do not find it would have been futile to have done so.

### B.     BOP's GCT Calculation.

Petitioner's claim should be summarily dismissed under Rule 4.

Title 18, § 3624(b)(1) provides in relevant part:

> a prisoner who is serving a term of imprisonment of more than one
> year, other than a term of imprisonment for the duration of
> his life, shall receive credit toward the service of the
> prisoner's sentence, beyond the time served, of up to 54 days,

---

*Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam).  Only
after a federal prisoner seeking § 2241 relief has sought and exhausted
administrative remedies pursuant to 28 C.F.R. § 542.10-16 (1997) (and
not pursuant to PLRA provisions § 1997e(a)) may the prisoner then
seek § 2241 judicial review.  *United States v. Oglesby*, 52 Fed.Appx. 712,
714, 2002 WL 31770320 *2 (6th Cir. 2002) (citing *United States v.
Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992);
*United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996)).  The
exhaustion of administrative remedies procedure required of a § 2241
petitioner is not a statutory (PLRA) requirement, but instead, is a
wholly judicially created requirement.  *See Wesley v. Lamanna,*
27 Fed. Appx. 438, 2001 WL 14150759 (6th Cir. 2001).  The judicially
imposed non-statutory exhaustion of Bureau of Prisons administrative
remedies for a federal prisoner seeking to bring a 28 U.S.C. § 2241
petition is set out at 28 C.F.R. §§ 542.10 - .16 (1987).  Section 542.13(a)
demands that an inmate informally present his complaint to the staff,
thereby providing them with an opportunity to correct the problem,
before filing a request for an administrative remedy (BP-8 ½).
If the inmate cannot informally resolve his complaint, then he may
file a formal written complaint (BP-9) "within fifteen (15) calendar days
of the date on which the basis of the complaint occurred."  *See*
§ 542.13(b).  If the inmate is not satisfied with the Warden's
response, he may appeal (BP-10) to the Regional Director, and,
if not satisfied with the Regional Director's response, the inmate
may appeal (BP-11) that decision to the Office of General Counsel.
*See* § 542.15.

7

> at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

The BOP's interpretation of this statute appears in Program Statement 5880.28.

We find that in light of *O'Donald* and the numerous cases cited above, the BOP's interpretation of § 3624(b), *i.e.,* that GCT is awarded based on the amount of time an inmate actually serves and not based on the length of his sentence which was imposed, is reasonable. Further, in *Pacheco-Camacho v. Hood*, 272 F. 3d 1266, 1269-70 (9th Cir. 2001), *cert. denied*, 535 U.S. 1105 (2002), the inmate raised the same GCT claim as our Petitioner. The *Pacheco-Camacho* Court found that the BOP's interpretation of § 3624(b), *i.e.* that GCT be awarded on the basis of time served, was a reasonable interpretation of the statute. The *Pacheco-Camacho* Court stated as follows:

> The BOP regulation that adopts the term served rather than the sentence imposed as the basis for the proration therefore falls within the implied statutory authority of the BOP. As such, this regulation is entitled to our deference, so long as its interpretation is "reasonable." *Chevron*, 467 U.S. at 844, 104 S.Ct. 2778.
>
> . . . . the BOP's interpretation clearly meets this standard. This interpretation comports with the statutory language of section 3624(b), and does not subvert the statutory design. It establishes an effective and fair prorating scheme, enabling inmates to calculate with reasonable certainty the end of their imprisonment, while preventing certain prisoners from receiving disproportionate good time credits merely because their sentence happens to equal a year and a day.

*Id*. at 1270-71; *see also Pasciuti v. Drew*, 2004 WL 1247813 (N.D. N.Y.).

This Court recently in *Perez v. Lindsay, supra,* and *Lopez v. Holt, supra,* also found no merit to its Petitioner's claim that his GCT computation should be made by multiplying the length of his sentence in years by 54 days. This is exactly the same claim as Petitioner Sash is making. This Court in *Perez* stated as follows:

> The Third Circuit Court of Appeals has also held that the BOP's interpretation of the GCT statute is appropriate. *O'Donald v. Johns,* 402 F.3d 172, 174 (3d Cir.2005). Although the Third Circuit recognized that there was ambiguity in § 3624 with respect to the meaning of "term of imprisonment," it concluded that the BOP's interpretation of the statute was reasonable, and therefore entitled to deference. *Id.* ("BOP's interpretation comports with the language of the statute, effectuates the statutory design, establishes a 'fair prorating scheme,' enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT for time during which they were not incarcerated." *Pacheco-Camacho v. Hood,* 272 F.3d 1266, 1270- 71 (9th Cir.2001)). Thus, Petitioner's argument fails.

*Id.*, 2006 WL 2882966, * 3.

Also, as in *Perez*, our Petitioner claims that the BOP has adopted an incorrect interpretation of § 3624. (Doc. 1, pp. 3-4). The *Perez* Court stated:

> Petitioner claims that the BOP interpretation of the phrase "term of imprisonment" in § 3624 refers to the prisoner's entire sentence, rather than the time served on a year-by-year basis. In other words, Petitioner contends that because the phrase "term of imprisonment" refers to the actual length of the sentence imposed in the judgment and commitment order as opposed to the time served each year, GCT should be given to his entire sentence rather than as he earns it on a yearly basis. However, case law does not support this interpretation.

*Id.*, * 2.

As in *Pacheco-Camacho*, if Petitioner's interpretation of § 3624(b) was correct and the BOP's interpretation was incorrect, he would receive GCT credit for time he did not actually serve due

to the award of GCT credit and also receive GCT credit for the time he actually served. The BOP interprets §3624(b) so that an inmate is credited with a full 54 days of GCT only after he has earned them, and it takes a full year of good behavior to earn these days. 28 C.F.R. § 523.20. Petitioner's contention assumes that he will receive his full 54 days of GCT for his entire 2-year sentence, even though he has not yet earned all of these GCT days. The BOP properly does not afford inmates the full 54 days of GCT until they have completed a full year of good behavior to warrant an award of all of these days.

Therefore, we find no merit to the Petitioner's claim that the BOP is not correctly calculating his GCT. Based on the *O'Donald* Court's finding that the BOP's interpretation of § 3634(b) was reasonable, we shall recommend that Petitioner Sash' s Habeas Petition be dismissed.

### III.  Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner Sash's Petition for Writ of Habeas Corpus **(Doc. 1)** be dismissed for failure to exhaust his administrative remedies. We alternatively recommend that this Habeas Petition be dismissed under Rule 4 of the Rules

governing Section 2254 Cases in the U.S. District Courts.  We also recommend that Petitioner's application to proceed *in forma pauperis* (Doc. 2) be granted solely for the purpose of filing this petition.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: January 31, 2007**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELIOT S. SASH, | : | CIVIL ACTION NO. **1:CV-07-0139** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| JONATHAN MINER, Warden, | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 31, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *Defendant novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: January 31, 2007**