IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELIOT SASH,** : | CIVIL NO. 1:CV-07-0139 |
| Petitioner : | |
| : | (Judge Rambo) |
| v. : | (Magistrate Judge Blewitt) |
| : | |
| **JONATHAN MINER, Warden,** : | |
| Respondent : | |

# MEMORANDUM AND ORDER

  Before the court is a report of the magistrate judge to whom this matter was referred in which he makes a recommendation as to the disposition of the petition for writ of habeas corpus filed in the captioned case. Petitioner has filed timely objections to the report and recommendation.

  Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that the Bureau of Prisons ("BOP") miscalculated his good time credits ("GTC"). Petitioner contends that the BOP is not awarding him 54 days of GTC for every year of sentence imposed upon him as required by 18 U.S.C. § 3624(b). The BOP interprets § 3624(b) so that an inmate is credited with a full 54 days of GTC only after he has earned them and it takes a full year of good behavior to earn them.

  The magistrate judge gave preliminary consideration to the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (application to § 2241 petitions under Rule 1(b)). *See Patton v. Genton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). The

magistrate judge recommended that the petition be dismissed for failure to exhaust administrative remedies and substantively to dismiss based on prior case law interpreting the BOP policy as a reasonable interpretation of 18 U.S.C. § 3624(b).

Petitioner objects to the recommended dismissal based on the failure to exhaust administrative remedies. He admits he has not exhausted but argues that such exhaustion would be futile. This court agrees with Petitioner.

The magistrate judge, at page 5 of his report, cites to a litany of cases from the Third Circuit Court of Appeals and the Middle District of Pennsylvania upholding the BOP's interpretation of § 3624(b), that an inmate's GTC is based on time actually served and not on the sentence that was imposed, as reasonable. In light of this, exhaustion would be futile.

However, again in light of these cases cited by the magistrate judge, his recommendation that the petition be dismissed pursuant to Rule 4 is supported. This court is obligated to follow the decision of *O'Donald v. Johns*, 402 F.3d 172 (3d Cir. 2005).

**IT IS THEREFORE ORDERED THAT**:

1) The court adopts in part and rejects in part the report and recommendation of Magistrate Judge Blewitt.

2) Petitioner is granted leave to file his petition *in forma pauperis*.

3) The recommendation that the petition be denied for failure to exhaust administrative remedies is rejected.

4) The recommendation that the petition be dismissed under Rule 4 of the Rules governing Section 2254 Cases in the U.S. District Courts is adopted and the case is dismissed on that basis.

5) This court declines to issue a certificate of appealability.

6) The Clerk of Court shall close the file.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: February 9, 2007.